GEORGE LIPINSKI, RESPONDENT, v. JOHN FRANK AND LOUIS BRESSMAN, APPELLANTS.

Submitted October term, 1933—Decided February 6, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Nathan H. Berger*.

For the respondent, *Harry Pechenik* (*Seymour A. Emmerglick,* of counsel).

PER CURIAM.

This was an action in the District Court by a tenant against his landlords to recover damages for eviction from the demised premises and damages for an unlawful distraint in that it was too great and unreasonable. There were two counts in

the state of demand and the trial judge, sitting without a jury, found for the plaintiff on both and awarded damages in the sum of $100.

The distraint was for a month's rent of $45, upon all of the goods upon the premises. The plaintiff was ordered off the property under threat of putting him out bodily, the place padlocked and plaintiff prevented from re-entering. Plaintiff offered to pay the rent, but not the costs incurred. This was refused and the goods were sold for $50. The fair market value of the goods according to the proofs was $450.

Section 1 of the act "concerning distresses" (2 *Comp. Stat., p.* 1939), provides "that all distraints made or taken or to be made or taken for any cause whatsoever shall be reasonable and not too great; and if any person shall take great and unreasonable distress or distresses he or she shall answer the damages to the party aggrieved."

We think the evidence justified a finding in favor of the plaintiff that the distraint was "great and unreasonable," and that the landlord would therefore be without right in impounding the goods and locking the plaintiff out of his property. This being true it would follow that there was not only the unlawful act of impounding but that the consequent padlocking of the property might properly justify a holding that there had been an eviction.

The judgment is affirmed, with costs.